*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
YEHOSHUA SCHLUSSELBERG,            :
                                    :
            Plaintiff,              :
                                    :   Civ. Action No. 15-7572(FLW)
v.                                  :
                                    :
RECEIVABLES PERFORMANCE            :   OPINION
MANAGEMENT, LLC,                    :
                                    :
            Defendant.              :
_____:

**WOLFSON, District Judge**:

This matter comes before the Court on a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a), filed by Defendant Receivable Performance Management ("RPM" or "Defendant"), seeking to dismiss Plaintiff Yehoshua Shclusselberg's ("Plaintiff") Complaint. Plaintiff brought this case alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") by using an Automatic Telephone Dialing System ("ATDS") to call Plaintiff's cell phone numerous times. On its motion, Defendant contends that its calling system, referred to as the LiveVox Human Call Initiator ("HCI"), uses human intervention to make the phone calls, and therefore, that system falls outside of the TCPA because it does not constitute as an ATDS under 47 U.S.C. §227 (a)(1). For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

# BACKGROUND[1]

RPM is in the debt collecting business and, according to RPM, it made ninety-two calls[2] to Plaintiff on his cellular phone in order to collect a Verizon debt. Defendant's Statement of Undisputed Facts ("Def.'s Facts"), ¶ 1. It is not disputed that the calls were made in error because the debt in question was owed by another Verizon subscriber. *Id.* As to those calls, RPM used the calling services of LiveVox. LiveVox utilized the Human Call Initiator ("HCI"), which is a distinct system designed to initiate calls through human intervention. *Id.*, ¶ 4.

The human intervention aspect of HCI involves a "clicker agent" and a "closer agent." No calls are dialed through the HCI system unless the clicker agent manually clicks on the dialogue box to launch a call, and subsequently, that same agent secures a separate closer agent to take the

---

[1] Accompanying Defendant's motion for summary judgment is RPM's separate Statement of Undisputed Material Facts in accordance with L. Civ. R. 56.1. Pursuant to the same rule, Plaintiff was also obligated to submit a statement identifying what he deems to be the material facts; Plaintiff has failed to do so. Indeed, L. Civ. R. 56.1(a) requires that on a motion for summary judgment, both the moving and non-moving parties furnish a separate statement identifying what each side deems to be the material facts. In particular, "[t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion[.]" L. Civ. R. 56.1(a). Importantly, "any material fact not disputed shall be deemed undisputed for purposes of summary judgment motion." *Id.* These statements assist the Court in determining whether a genuine dispute exists. As noted in the Rule's commentary, "the requirement of a separate document represents a change from the practice under the former version of the rule [and] . . . is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties." L. Civ. R. 56.1 cmt. Here, because Plaintiff has not submitted any statement of undisputed facts, or responded to those facts asserted in RPM's Statement of Undisputed Material Facts, Defendant's statements shall be deemed admitted.

[2] Rather than ninety-two calls, Plaintiff alleges — in his brief — that RPM placed over 400 calls to him. However, Plaintiff presents no evidence to support his assertion, other than his own say-so. In any event, the number of calls made to Plaintiff is not material to the legal issues on this motion.

call. *Id.*, ¶ 7. The closer agent is tasked with speaking to the call recipient. *Id.* Notably, HCI's software and hardware design does not allow it to engage in automatic or predictive calling; in fact, there are "no features that can be activated, deactivated, or added to the system to enable auto-dialing." *Id.*, ¶ 10. Instead, HCI is designed so that either a clicker agent or a dialer administrator controls the frequency of calls by manually launching the calls.

Plaintiff initiated this suit by filing a one-count Complaint, alleging that Defendant violated the TCPA by using the HCI system to call Plaintiff, because the HCI is an ATDS, or an automated telephone dialing system, prohibited under § 227(a)(1). The parties engaged in discovery, and that process has concluded. In the instant matter, Defendant moves for summary judgment.

## DISCUSSION

### I. Standard of Review

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ .P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*,

3

477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders

4

all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

## II. TCPA

The TCPA was passed by Congress to protect consumers from receiving, "intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012)). In doing so, "[c]ongress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 371 (2012). In particular, pursuant to 47 U.S.C. §227 (b)(1)(A)(iii), the TPCA restricts the use of any automated telephone equipment that uses artificial or prerecorded voice to call "any telephone number" assigned to, *inter alia*, a cellular phone. Under the statute, an ATDS is equipment that possesses both of the following capabilities: "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; **and** (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Congress authorized the Federal Communications Commission ("FCC") to implement rules and regulations enforcing the TCPA. 47 U.S.C. § 227(b)(2). The FCC has clarified that the ATDS "covers any equipment that has the specified 'capacity' to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7974 (July 10, 2015) ("2015 FCC Ruling"). In other words, so long as the equipment at issue has the requisite "capacity" to automatically generate and dial numbers, the system is considered an ATDS under the TCPA, without regard to whether such capabilities were used in making the offending calls.

5

Here, Defendant argues that LiveVox's HCI system is not by definition an ATDS under the TCPA. Defendant reasons that because HCI specifically integrates human intervention, the system does not possess the automated capabilities set forth under the statute. In response, Plaintiff contends that Defendant violated the TCPA by using an ATDS to call Plaintiff. The Court rejects Plaintiff's argument for various reasons.

For one, without Plaintiff submitting his own statement of undisputed facts, the Court takes Defendant's assertion as true that HCI is *not* an automated system, but rather, it is operated by human intervention, and the Court takes as true how the HCI system operates — with human intervention. Notwithstanding Defendant's "Statement of Undisputed Facts," Plaintiff, nonetheless argues in his briefing that HCI is in fact an ATDS, because he allegedly heard an initial period of silence when he answered Defendant's calls. However, Plaintiff presents no evidence whatsoever to support his contention. As a procedural matter, Plaintiff has not submitted an affidavit or declaration attesting to his assertion; but, more importantly, he provides no evidence that the period of silence he heard somehow is probative in determining that Defendant's HCI calling system was automated as defined under the TCPA. Discovery has ended, and Plaintiff had every opportunity to explore whether there is any evidence to support his position that the HCI system is an autodialer. Plaintiff has not done so. Based on the undisputed record before me, I find that the inclusion of human operation in the HCI system does not allow the system itself to "produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1). Nor does the HCI automatically dial those numbers. Instead, a clicker agent manually initiates a call at will and determines the frequency of the calls, not through any automatic means. *See, e.g.*, *Jenkins v. Gage, LLC*, No. 14 -2791, 2016 U.S. Dist. LEXIS 106769, at *1, 7 (N.D. Ga. Aug. 12, 2016) (granting summary judgment in favor of defendants and

6

concluding that the platform at issue was not an autodialer when human intervention was involved); *Estrella v. LTD Fin. Servs., LP*, No. 14-2624, 2015 U.S. Dist. LEXIS 148249, at *3 (M.D. Fla. Nov. 2, 2015) (finding summary judgment in favor of defendant appropriate when "the evidence demonstrates, at most, that the calls were placed manually with the use of human intervention through a 'point and click function."); *Gaza v. LTD Fin. Servs., L.P.*, No. 14-1012, 2015 U.S. Dist. LEXIS 111751, at *1, 4 (M.D. Fla. Aug. 24, 2015) (finding the calling system is not an ATDS when "the agent pulled up the subject account from a database and then used his mouse to manually click on the phone number associated with the account to launch the call"); *Wilcox v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 58667, at *5 (finding that with human intervention, the call system would not be construed an autodialer); *Modica v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 55751, at *3 (N.D. Ill. Apr. 29, 2015) (finding that defendant's call system that required the operator to click to initiate a call was not an autodialer); *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1193-94 (W.D. Wash. 2014) (finding the system at issue was not an ATDS when it required the agent to physically press "accept" to initiate a text message).

Next, Plaintiff cites dual cases, *Davis v. Diversifield Consultants, Inc.*, 36 F. Supp. 3d 217 (D. Mass. 2014) and *Echevvaria v. Diversified Consultants*, No. 13-4980, 2014 U.S. Dist. LEXIS 32136 (S.D.N.Y. Feb. 28, 2014), for the proposition that the HCI system is an ATDS under the TCPA. Those cases, however, are inapposite. In *Davis*, the court dealt with a LiveVox DCI system that was mechanically different than the HCI system, here. *Davis*, 36 F.Supp. 3d at 221. According to the *Davis* Court, the DCI system had the capacity to store telephone numbers, as well as to generate random or sequential numbers, which functions fall within the definition of an ATDS under the TCPA. *Id.* at 225-26. These particular functions of the DCI system are noticeably absent

from the HCI system. While both, *i.e.*, DCI and HCI, systems are made by LiveVox, they fundamentally work in different ways that makes a substantial difference under the TCPA. Moreover, *Echevvaria* also held that a LiveVox system — that had similar functions as the DCI system — was an ATDS. *Id.* at *4. The court in that case found that the system there was "a predictive dialer that under the FCC's rules interpreting the TCPA, is an ATDS covered by the TCPA." *Id.* at *26. Accordingly, the systems in *Davis* and *Echevvaria* are different than the HCI system.

In fact, another district court, in *Pozo v. Stellar Recovery Collection Agency, Inc.*, No. 15-929, 2016 U.S. Dist. LEXIS 146432 (M.D. Fla., Sep. 2, 2016), makes this exact distinction. In *Pozo*, plaintiff argued that defendant, in order to collect a debt, left a series of prerecorded messages on his answering machine. *Id.* at *8. The defendant was using HCI — the same system in this case — to make calls. The court held that HCI is not an ATDS, because clicker agents initiated all calls by clicking a dialogue box, and HCI did not allow any calls to be automatically made by the system. *Id.* at *11. Just as in this case, the plaintiff in *Pozo* attempted to rely on *Davis* and *Echevvaria,* but the *Pozo* court rejected plaintiff's argument because, the court reasoned, "both *Echevvaria* and *Davis* found the LiveVox system used in those cases to be autodialers because they automatically called numbers from a list and automatically connected the calls with an available agent." *Id.* at *13. *See Smith v. Stellar Recovery, Inc.*, No. 15-1717, 2017 U.S. Dist. LEXIS 35658, at *19, *28 (E.D. Mich., Feb. 7, 2017) (finding that the HCI system is not an ATDS). Therefore, this Court finds *Davis* and *Echevvaria* to be distinguishable.

Accordingly, because Defendant's HCI system is not an autodialer for the purposes of TCPA, summary judgment is granted in favor of Defendant.

## CONCLUSION

For the reasons set forth above, RPM's Motion for Summary Judgment is **GRANTED** because Plaintiff failed to create a genuine issue of material fact regarding the LiveVox HCI system constituting as an Automatic Telephone Dialing System, pursuant to 47 U.S.C. §227 (a)(1).

DATE: June 29, 2017  /s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Court Judge